JOHN D. DUNCAN (SBN 179560)
PETER J. SALMON (SBN 174386)
THOMAS N. ABBOTT (SBN 245568)
PITE DUNCAN, LLP
4375 JUTLAND DRIVE, SUITE 200
P.O. BOX 17935
SAN DIEGO, CA 92177-0935
TELEPHONE: (858) 750-7600
FACSIMILE: (619) 590-1385
E-Mail: tabbott@piteduncan.com

FILED

'09 JAN 23 PM 3: 37

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By: _____ DEPUTY

Attorneys for Defendants SAXON MORTGAGE SERVICES, INC.; and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| EVA L. WATTS, | Case **'09 CV 0139 LAB NLS** |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION;** |
| v. | **UNDER 28 U.S.C. § 1441(b)** |
| DECISION ONE MORTGAGE COMPANY, LLC; COUNTRYWIDE HOME LOANS; SAXON MORTGAGE SERVICING INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1-100, Inclusive, | **(FEDERAL QUESTION)** |
| Defendants. | |

TO:          THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT IN

AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA.

AND TO:      PLAINTIFF EVA L. WATTS AND HER ATTORNEYS OF RECORD.

PLEASE TAKE NOTICE that Defendants SAXON MORTGAGE SERVICES, INC.

("Saxon"), and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS")

(collectively, "Moving Defendants"), by and through their counsel, Pite Duncan, LLP, hereby remove

the above-entitled action to the United States District Court, in and for the Southern District of

California, and state the following in support thereof:

1.          On October 9, 2008, an action was commenced in the Superior Court of the State of

California in and for the County of San Diego, entitled Eva L. Watts, Plaintiff v. Decision One

Mortgage Company, LLC; Countrywide Home Loans; Saxon Mortgage Services, Inc.; Mortgage

1    Electronic Registration Systems, Inc.; and DOES 1-100, Inclusive, Defendants, as Case No.

2    37-2008-00073685-CU-BT-SC.

3         2.      The first date upon which Moving Defendants received a copy of the Complaint was

4    December 26, 2008, when Moving Defendants were served with a copy of the Summons and

5    Complaint by Plaintiff's counsel via U.S. Mail.

6         3.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).  Thirty days

7    have not elapsed since Moving Defendants were served with the Complaint in this action.

8         4.      Moving Defendants are informed and believe that there have been no further

9    proceedings or papers filed in this action, other than the filing of the Complaint and the Proofs of

10   Service.  A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit "A"**.

11        5.      This action is a civil action which this Court has original jurisdiction pursuant to 28

12   U.S.C. § 1331 (federal question), as Plaintiff has specifically pled claims for relief arising under the

13   18 U.S.C. § 1961 et seq. (RICO), 15 U.S.C. § 1601 et seq. (TILA) and 12 U.S.C. § 2601 et seq.

14   (RESPA). (See Complaint, Exhibit A hereto.)

15        6.      This Court is the United States District Court for the district embracing the place

16   where the state court action is pending, and thus this Court is the appropriate Court of removal

17   pursuant to 28 U.S.C. § 1441(a).

18        7.      All properly served defendants in this action have consented to removal to this Court.

19        8.      A true copy of this Notice of Removal is being filed forthwith with the Clerk of the

20   Superior Court of California, County of San Diego, South County Division.  A true and correct copy

21   of said Notice of Removal is attached hereto as **Exhibit B**.

22   /././

23   /././

24   /././

25   /././

26   /././

27   /././

28   /././

1    WHEREFORE, based on the foregoing, the Moving Defendants hereby remove the above

2  action now pending in the Superior Court of California, County of San Diego as Case No.

3  37-2008-00073697-CU-BT-SC.

Respectfully submitted,

4

5  Dated:  January 23, 2009                 PITE DUNCAN, LLP

6

7  _____

THOMAS N. ABBOTT

8  Attorneys for defendants SAXON MORTGAGE
SERVICES, INC., and MORTGAGE

9  ELECTRONIC REGISTRATION SYSTEMS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL                            1751665.wpd

**EXHIBIT A**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DECISION ONE MORTGAGE COMPANY, LLC.; COUNTRYWIDE HOME
LOANS; SAXON MORTGAGE SERVICES INC.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1-100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EVA L. WATTS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>South County Regional Center District<br>500 3rd Avenue, Chula Vista, CA 91910 | CASE NUMBER:<br>*(Número del Caso):* 37-2008-00073685-CU-BT-SC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David A. St. John (Bar # 048746)                    Phone No.: (805) 486-8000
Law Offices of David A. St. John                    Fax No.: (805) 487-2100
235 West Seventh Street, Oxnard, CA 93030-7131

DATE: OCT 09 2008     Clerk, by   A. Rhodes   , Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* SAXON MORTGAGE SERVICES INC.

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

*LexisNexis® Automated California Judicial Council Forms*

Code of Civil Procedure §§ 412.20, 465

Watts, Eva 1-2000292547

COPY

1  DAVID A. ST JOHN (SBN: 048746)
   EMMANUEL F. FOBI (SBN: 210764)
2  ATTORNEYS AT LAW
   235 West Seventh Street
3  Oxnard California 93030-7131
   (805) 486-8000 ● (805) 487-2100 fax
4  E-mail dsj@law-pro.net

5
   *Attorney for*   Plaintiff EVA L. WATTS
6

7

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  FOR THE COUNTY OF SAN DIEGO

11
   EVA L. WATTS,                         )  Case No.   37-2008-00073685-CU-BT-SC
12                                        )
               Plaintiff,                 )  COMPLAINT FOR:
13     vs.                                )
                                          )  1.  INJUNCTIVE RELIEF;
14                                        )  2.  FRAUD;
   DECISION ONE MORTGAGE                  )  3.  NEGLIGENT INFLICTION OF
15 COMPANY, LLC.; COUNTRYWIDE             )      EMOTIONAL DISTRESS;
   HOME LOANS; SAXON MORTGAGE             )  4.  NEGLIGENCE;
16 SERVICES INC.; MORTGAGE                )  5.  RICO;
   ELECTRONIC REGISTRATION                )  6.  TILA;
17 SYSTEMS, INC.; and                     )  7.  RESPA;
   DOES 1 – 100, Inclusive,               )  8.  CANCELLATION BASED ON
18                                        )      IMPOSSIBILITY;
                                          )  9.  QUIET TITLE; and
19             Defendants.                )  10. SLANDER OF TITLE.
                                          )
20                                        )  REQUEST FOR JURY TRIAL
                                          )
21                                        )
22
        Plaintiff EVA L. WATTS (hereinafter "EVA" or "Plaintiff") on information and belief
23
   alleges as follows:
24
                        THE SUBJECT PROPERTY
25
     1.  At all times relevant herein, Plaintiff owned and lived in her residential real property
26
   located at 688 Rue Avallon, Chula Vista, California 91913, more fully described as:
27
        LOT 70 OF CHULA VISTA TRACT NO.84-9, EASTLAKE 1 UNIT 10, IN THE
28

WATTS Complaint                          -1-

CITY OF CHULA VISTA, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO.11434, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAID SAN DIEGO COUNTY, FEBRUARY 3, 1986.

EXCEPTING THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS, AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WHITHIN OR UNDER THE PARCEL OF LAND HEREINABOVE DESCRIBED, WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, EXPLORE AND OPERATE THROUGH THE SURFACE OF THE UPPER FIVE HUNDRED (500) FEET OF THE SUBSURFACE OF THE PROPERTY, AS RESERVED BY EASTLAKE DEVELOPMENT COMPANY, A CALIFORNIA GENERAL PARTNERSHIP, IN DEED RECORDED FEBRUARY 20, 1986  AS FILE NO.86-067882 OF OFFICIAL RECORDS; A.P.N. 595-202-44-00; (hereinafter referred to as "Subject Property")

## PARTIES AND VENUE

2. Defendant DECISION ONE MORTGAGE COMPANY, LLC., ("DOMC" or "Defendant"), a California corporation, at all relevant times herein has transacted and continues to transact business throughout the State of California, including in San Diego County.

3. Defendant COUNTRYWIDE HOME LOANS, ("COUNTRYWIDE" or "Defendant") at all relevant times herein is a California corporation, purportedly doing business as a lender and/or loan servicer through its subsidiary COUNTRYWIDE FINANCIAL CORPORATION

4. Defendant SAXON MORTGAGE SERVICES INC, ("SAXON" or "Defendant") at all relevant times herein is a California corporation, purportedly doing business as a lender and/or loan servicer in the State of California

5. Plaintiff is informed and believes and thereon alleges that Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS" or "Defendant") At all relevant

DAVID A. ST. JOHN
ATTORNEY AT LAW
231 W. 7th ST
CHULA VISTA, CA 91910-7131
TEL. 465-466-8002

WATTS Complaint

-2-

1  times, defendant Mortgage Electronic Registration Systems, Inc., ("MERS" or "Defendant") is

2  and was a suspended California corporation, and is otherwise not qualified to do business in the

3  State of California, but is nonetheless named in the Deed of Trust in the subject loan transaction

4  as the entity with the right to foreclose the security on behalf of the beneficiary of the subject

5  loan transaction.

6  Plaintiff does not know the true names and capacities, whether corporate, partnership, associate,

7  individual or otherwise, of Defendants sued herein as Does 1 through 100, inclusive, under the

8  provisions of §474 of the California Code of Civil Procedure. Plaintiff is informed and believes,

9  and on that basis alleges that Defendants Does 1 through 100 are in some manner responsible for

10  acts, occurrences, and transactions set forth herein and are legally liable to Plaintiff.

11      6.  Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned

12  herein each Defendant, whether actually or fictitiously was the principal, agent or employee of

13  each other Defendant, and in acting as such principal, or within the course and scope of such

14  employment or agency, took some part in the acts and omissions hereinafter set forth by reason

15  of which each Defendant is liable to Plaintiff for the relief prayed for herein.

16      7.  At all times relevant herein Defendants ratified the unlawful conduct of the other

17  Defendants, who were acting within the scope of their agency or employment, by accepting the

18  benefits of the transaction with knowledge of the wrongdoing, or otherwise by failure to

19  repudiate the misconduct.

20      8.  Plaintiff is further informed and believes, and on that basis allege that each corporate or

21  limited liability company Defendant is the alter ego of its owner or owners and that there is

22  insufficient separation of identity between the ownership and the corporate or limited liability

23  company Defendant, and/or that such corporate or limited liability company Defendant is used

24  merely as a vehicle to perpetrate fraud such that injustice would result to Plaintiffs in this matter

25  if the corporate or limited liability company Defendant veil, if any, would remain intact.

26      9.  Plaintiff reserves the right to assert additional violations of law as documents and

27  information related to the transaction are produced in the course of discovery in this action.

28      10. Defendants' conduct in Plaintiff's case was not an isolated incident. At all relevant times

DAVID A. ST. JOHN
ATTORNEY AT LAW
215 N. 1st ST
OCEANSIDE, CA 92054-2911
TEL 760.484.1900

WATTS Complaint

-3-

1   herein, Defendants' regular business practice takes advantage of confusion between the genuine

2   business of Mortgage Lending and a complicated but convincing moneymaking scam of selling

3   or securitizing in the secondary market fraudulent purchase-money loans and re-finance deals

4   that violate statutory and common law standards and that use fictional accounting and imprudent

5   business practices to unsophisticated borrowers who Defendants knew, or should have known,

6   could not repay the loans; *that is*, unless Defendants continued to provide even shoddier loans to

7   draw in more borrowers having less ability to pay, who then bought more houses, pushing real-

8   estate prices yet higher resulting in further rounds of junk re-financings and higher prices, and so

9   on, with huge exponential profits traveling up the chain to Defendants from swindled consumers

10   at the end of the chain, including Plaintiffs.

11       11. Venue is proper in the County of San Diego under California Code of Civil Procedure

12   Sections 392 and 395 because this action results from foreclosure of a mortgage on real property

13   located in San Diego, this action arises out of an offer or provision of a loan intended primarily

14   for personal family or household use in San Diego, and the acts alleged in this complaint

15   occurred in San Diego County.

16

17                              **FACTUAL ALLEGATIONS**

18       12. Plaintiff EVA L. WATTS, age 47, is a care coordinator, and real estate agent. She

19   purchased the Subject Property in August 07, 2006 for $685,000. At the time of the purchase, her

20   net monthly income was $4,000.00 from working two jobs.

21       13. A full two years earlier the housing market began it's collapse. Defendant was well aware

22   of the impending implosion. This caused the lenders business to create new schemes to maintain

23   profits and they went to great lengths to secure new clients as the real estate market slowed. In

24   the Plaintiff's case, Defendant knows better than to approve and fund two loans of $3834 and

25   $1418 to someone who only makes $4000 a month. Even more ridiculous is that Defendant listed

26   her income over $12,000 a month just so they could get the loan! This should have been a red

27   flag knowing that she was a care provider and in 2006 a Realtor!  The loan payments were

28   $5253.24 without including property taxes and home owners insurance which is an additional

DAVID A. ST. JOHN
ATTORNEY AT LAW
124 W. F ST.
OCEANSIDE, CA 92054-1131
TEL 925.446.8500

WATTS Complaint                                              -4-

1   $600 a month! How could any Lender expect a borrower to afford a payment of $5853 when

2   they only made $4000? Lenders convince borrowers that they can always refinance their loans

3   and using their equity.  That was the song sung by every lender. They do not want to tell the

4   borrower that the market is collapsing because then they would be out of business if they did not

5   write loans. They continued with false promises and fanned the hopes of borrowers wanting to

6   own a home with this fraudulent practice.

7       14. Driven by its push for market share, Defendant did whatever it took to sell more loans,

8   faster – including by easing its underwriting criteria and disregarding the minimal underwriting

9   criteria it claimed to require. By easing and disregarding its underwriting criteria, Defendant

10  increased the risk that borrowers would lose their homes.

11      15. Defendant did whatever it took to sell more loans, faster – including by easing its

12  underwriting criteria and disregarding the minimal underwriting criteria it claimed to require. By

13  easing and disregarding its underwriting criteria, Defendant increased the risk that borrowers

14  would lose their homes.

15      16. Traditionally, lenders required borrowers seeking mortgage loans to document their

16  income, for example by providing W-2s or tax returns, as well as assets. Defendant, however,

17  disregarded such documentation requirements with respect to its riskiest loan products and

18  introduced a variety of reduced or no documentation loan programs that eased and quickened the

19  loan origination process.

20      17. As an example of one widespread no documentation program that Defendant and other

21  lenders used was a "Stated Income Stated Assets," or "SISA," program. The borrower's income

22  and assets were stated but not verified. Employment was verbally confirmed and income was

23  supposed to be roughly consistent with incomes earned in the type of job in which the borrower

24  was employed. Reduced documentation loans, in turn, allowed borrowers to document their

25  income through the provision of information that was less reliable then the information required

26  of full documentation loans, such bank statements or verbal verification of employment.

27      18. These low- and no-documentation programs, such as SISA, enabled Defendant to process

28  loans more quickly and therefore to make more loans. Stated income loans also encouraged the

DAVID A. ST. JOHN
ATTORNEY AT LAW
225 N. "F" ST
OXNARD CA 93030-1331
TEL 805.486.6663

WATTS Complaint

-5-

1  overstating of income – loan brokers and officers either overstated the borrower's income without

2  his or her knowledge, or led the borrower into overstating his or her income without explaining the

3  risk of default that the borrower would face with a loan he or she could not actually afford.

4      19. For stated income loans, it became standard practice for loan processors and underwriters

5  to check www.salary.com to see if a stated income was within a reasonable range, with more

6  tolerance on the upside for California salaries. Because loan officers knew about this practice, they

7  too would look at salary.com to figure out the parameters ahead of time and know by how much

8  they could overstate (or fabricate) income.

9      20. Lenders also relaxed, and often disregarded, the traditional underwriting standards used to

10  separate acceptable from unacceptable risk in order to produce more loans for the secondary

11  market. Initially, for example, a borrower had to have a credit score of 720 for a stated income

12  loan.

13      21. As the secondary market's appetite for loans increased, Lenders relaxed its guidelines so

14  that a borrower with a credit score of 580 could get a stated income loan with 100% financing.

15  Underwriting standards which Lenders relaxed included qualifying interest rates (the rate used to

16  determine whether borrowers can afford loans), loan-to-value ratios (the amount of the loan(s)

17  compared to lower of the appraised value or sale price of the property), and debt-to-income ratios

18  (the amount of borrowers' monthly income compared to their monthly indebtedness).

19      22. With respect to qualifying rates, while Defendant offered loans with initial low

20  payments that would increase, loans were underwritten without regard to borrowers' long-term

21  financial circumstances. Until at least the end of 2005, Lenders underwrote and approved

22  their Hybrid ARMs based on the fixed interest rate applicable during the initial period of the loan,

23  without taking into account whether the borrowers would be able to afford the dramatically

24  higher payments that would inevitably be required during the remaining term of the loan.

25      23. In addition, Defendant's approach to underwriting and marketing Pay Option

26  ARMs diverged. Defendant underwrote Pay Option ARMs based on the assumption that

27  borrowers would make a fully amortizing payment, rather than the minimum payment, and

28  therefore not experience negative amortization. In contrast, Defendant marketed Pay Option

DAVID A. ST. JOHN
ATTORNEY AT LAW
231 K. ... ST.
OXNARD CA 93030-7131
TEL 805. 486.8209

WATTS Complaint

-6-

1 ARMs by emphasizing the minimum payments. Defendant continued this underwriting

2 practice even though it knew that many of its Pay Option ARM borrowers would choose to make

3 only the minimum monthly payment and that a high percentage of such borrowers had

4 experienced negative amortization on their homes.

5     24. Lenders eased other basic underwriting standards as they pushed to expand market share,

6 underwriting standards and verification requirements became more flexible to enable underwriters

7 to approve loans faster. Countrywide, for example, allowed higher and higher loan-to-value

8 ("LTV") and combined loan-to-value ("CLTV") ratios – the higher the ratio, the greater the risk

9 that a borrower will default and will be unable to refinance in order to avoid default. Similarly,

10 Countrywide approved loans with higher and higher debt-to-income ("DTI") ratios – the higher

11 ratio, the greater the risk the borrower will have cash-flow problems and miss mortgage payments

12     25. Rather than making prudent changes to minimize risks as would be expected of Mortgage

13 Lenders, Defendants continued to create even riskier loan programs to feed their appetite for

14 huge profits. These loan products were financially risky and difficult for someone not directly

15 involved in the business to understand. The Defendant, competing with other Lenders in the

16 same business was rolling out various loan products to lure more clients to their company. The

17 Defendants carelessly bombarded the public with these programs that were tantamount to giving

18 away free money, just come and get it, to millions of people, without sufficient money or

19 reserves, *with no realistic ability to pay*, except with Defendants' false promise of indefinite

20 refinances.

21     **2/28 ARM**

22     26. Defendant, DECISION presented "2/28" Hybrid ARMs to Plaintiff. A loan which is often

23 confusing and misunderstood. These types of loans are extremely hard to fully comprehend but

24 typical of the "smoke and mirrors" that the Lending industry embraced. This type of loan has a

25 low, fixed interest rate for two years (the "2" in "2/28"). The lure is that sometimes the loan

26 requires interest-only payments for that initial period.

27     27. When the initial rate expires, for the next 28 years (the "28" in "2/28") the interest rate

28 can adjust once every 6 months. The bi-annual interest rate adjustment can be no more than 1.5%

DAVID A. ST. JOHN
ATTORNEY AT LAW
231 E. 7TH ST.
CHULA VISTA, CA 91910-3311
TEL 619.444.8200

WATTS Complaint

-7-



1   and is typically determined by adding a margin to the one-year LIBOR index. Because the initial

2   rate is set independent of the index, an increase in the LIBOR can add hundreds of dollars to the

3   loan payment and is seldom explained to the client because it would only scare them away.

4        28. Without regard to whether the Plaintiff could afford the loan, the 2/28 loan was the loan

5   Defendant presented and approved. With a 2/28 loan there typically is a prepayment penalty for

6   early cancellation as was the case with Plaintiff.

7        29. As a borrower on a 2/28 ARM there is both a 'lock' on the minimum and maximum rate

8   you would pay. This goes into effect after the initial two years. The common pitch from the

9   lenders is that you will be able to refinance before the two year initial period expires. The market

10  plummeted and the Defendant were well aware of this but continued processing this loan that the

11  Plaintiff could not afford. Plaintiff had 100% financing divided into 2 separate loans, 80% of the

12  loan was the first loan and 20% was the second loan. The second loan was a 15 year fix with a

13  balloon payment. Considered one of the worst loans you could possibly offer.

14       30. The following scenario shows the payments on the first loan, the 2/28. The first loan was

15  $548,000, considered a jumbo loan and had a monthly payment of $3489 (interest only) for the

16  first 2 years.

17       31. Thereafter the interest rate was to be calculated by adding a margin of 6.64% to the six

18  month LIBOR index. The promissory note for a 2/28 ARM provides the interest rate required to

19  pay at the first rate change date will not be greater than $6229 or less than $3489.  Even a minor

20  jump in the LIBOR puts the payment out of reach for most borrowers.

21       32. The borrower's monthly payments can about double after the initial two years. With

22  almost complete certainty the rate will go up. This makes it impossible for the borrowers to make

23  the loan payments, especially when they do not expect or are not explained the worst case

24  scenario, the dramatic increase in the LIBOR.

25       33. Plaintiff's monthly payments increased to more than her monthly take home pay by July

26  of 2007. Plaintiff was forced into delinquency despite working two jobs. Her desperate pleas for

27  help to DECISION were ignored.

28       34. Defendants knew, or should have known, that this loan could never be paid according to

DAVID A. ST. JOHN
ATTORNEY AT LAW
215 W. F ST
SUITE 5A, 92101-1111
CORONADO, CA
TEL 619.446.8100

WATTS Complaint



1   the terms of the loan. These loans were not designed or intended to be repaid. Rather,

2   Defendants' entire business model was to flood the market with loans that could not be repaid,

3   knowing that the real estate market was losing value. The Defendants reaped huge profits by

4   economically, emotionally and physically destroying millions of consumers at the bottom, now

5   unable to use the equity in their properties which forced them into Default or paying huge

6   prepayment penalties and loan fees just to get out of a bad loan.

7       35. These actions on or about September 02, 2008, caused a Notice of Default (Instrument

8   No. 2008-0093833) to be recorded with the San Diego County Recorder's Office, against the

9   Plaintiff on behalf of Defendant naming MERS as the beneficiary.  However, at no time was

10   Plaintiff ever notified of the assignment of beneficial interest to COUNTRYWIDE.

11

12                              **FIRST CAUSE OF ACTION**

13                                **INJUNCTIVE RELIEF**

14                                (Against all Defendants)

15      36. Plaintiffs reallege and incorporate by reference the allegations in all paragraphs above as

16   though fully set forth at this place.

17      37. Defendants, and each of them, intend to sell, and unless restrained will sell or caused to

18   be sold the Subject Property, all to Plaintiff's irreparable injury by leaving her homeless and

19   destitute.

20      38. The sale is wrongful and should be enjoined by virtue of Defendants' fraudulent conduct

21   alleged in this complaint, and by reason of the defective Deed of Trust and Notice of Default

22   resulting from the transactions alleged above, and the recission and cancellation of the Notes and

23   Deeds of Trust as alleged and prayed for in this complaint, and on all the facts alleged in this

24   complaint and incorporated herein.  Plaintiff has no other plain, speedy, or adequate remedy, and

25   the injunctive relief prayed for below is necessary and appropriate at this time to prevent

26   irreparable loss to Plaintiff's interests.

27

28

DAVID A. ST. JOHN
ATTORNEY AT LAW
216 W. 1ST ST.
OCEAN CA 92054-1151
TEL 800. 464-6030

WATTS Complaint                                          -9-

## SECOND CAUSE OF ACTION

## FRAUD

### (Against all Defendants)

39. Plaintiff realleges and incorporates by reference the allegations in all paragraphs herein as though fully set forth at this place.

40. Plaintiff is informed and believes that Defendants knew or should have known, at the time the documents were prepared and tendered by Defendants for the subject loan, that it was not possible for Plaintiff, based on Plaintiff's actual ability to pay, to pay the loan, and further that the loan was designed and intended by Defendants to survive only long enough for Defendants to inject the loan into the secondary market where Defendants would be rid of Plaintiff and the loan, and that the worse the loan the more money Defendants made, and that the loan was unconscionable, and that Defendants' representations both express and implied that the loan was viable and that Plaintiff could in fact make the payments were false, and that the true facts known to Defendants were that Defendants were pulling Plaintiff into a wave of bad loans created by Defendants which Defendants knew as of mid-2004 would build into a tsunami of impaired and defaulted mortgages overwhelming Plaintiff, all to prolong Defendants' enormous ill gotten gains for as long as possible until the inevitable collapse of their moneymaking scheme.

41. When Defendants made the above alleged representations to Plaintiff, they knew them to be false and made the representations with the intention to deceive and defraud Plaintiff and to induce Plaintiff to act in reliance on these representations in the manner alleged, or with the expectation that Plaintiff would so act.

42. Plaintiff, at the time these representations were made by Defendants and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendants' representations and believed them to be true. In reasonable reliance on these representations, Plaintiff was induced to and did sign loan documents. Additionally, the drafting and approval of the loan documents constituted a material representation to the Plaintiff that she *could* make the payments called for in the Note. Had Plaintiff known the actual facts, she would not have taken such action. Plaintiff's reliance on Defendants' representations was justified because Defendants

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 N. 1st ST
OCEANSIDE CA 92054-2131
TEL. 619.446.6008

WATTS Complaint

-10-

1   had represented themselves to be reputable institutional lenders that would not make a loan

2   without first establishing the borrower's actual ability to pay independent of market speculation.

3   43. As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiff

4   signed loan documents purportedly transferring a security interest in her home that were

5   unrealistic, unreasonable and oppressive for persons in Plaintiff's position in life thereby causing

6   Plaintiff damages, including personal injury damages, according to proof.

7   44. As a further proximate result of the fraudulent conduct of Defendants as herein alleged,

8   Defendants were unjustly enriched by profits in the transaction derived from Plaintiff, which

9   Defendants should disgorge to Plaintiff according to proof at the time of trial.

10   45. The aforementioned conduct of Defendants was an intentional misrepresentation, deceit,

11   and concealment of material facts known to Defendants made with intent to deprive Plaintiff of

12   property and legal rights or otherwise causing injury, and was despicable conduct that subjected

13   Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify

14   an award of exemplary and punitive damages.

15

16   **THIRD CAUSE OF ACTION**

17   **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

18   **(Against all Defendants)**

19   46. Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as

20   though fully set forth at this place.

21   47. Plaintiff is financially unsophisticated and vulnerable to the importunities of Defendants

22   who falsely represented themselves as reputable institutional Mortgage Lenders, this relationship

23   giving rise to Defendants' duty to exercise due care towards Plaintiff.

24   48. Defendants knew, or should have known, that their failure to exercise due care in the

25   performance of their duties would cause Plaintiff severe emotional distress.

26   49. Defendants' actions and conduct as described herein, constituted breach of duty.

27   50. As a proximate result of said breach of duty and the consequences proximately caused by

28   it, as hereinabove alleged, Plaintiff suffered severe emotional distress and mental suffering, all to

DAVID A. ST. JOHN
ATTORNEY AT LAW
225 N. 1ST ST
CHULA VISTA CA 91910-2133
TEL 619.446.6900

WATTS Complaint

-11-

1 her damage according to proof.

2

3                    **FOURTH CAUSE OF ACTION**

4                           **NEGLIGENCE**

5                      **(Against all Defendants)**

6    51. Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as

7    though fully set forth at this place.

8    52. At all times relevant Defendants, acting as Plaintiff's loan brokers and lenders, had a duty

9    to exercise reasonable care and skill in performing their duties for the benefit of Plaintiff, their

10   principal, in the loan transaction.

11   53. In taking the actions alleged above, and in failing to take the actions as alleged above,

12   Defendants breached their duty of care and skill to Plaintiff in the loan transaction, by among

13   other things, inducing Plaintiff to improperly sign documents by means of false representations,

14   suppressions and concealments, failure to counsel, failure to inform and explain, charging

15   excessive, unconscionable fees, and preparing false financial statements.

16   54. As a proximate result of Defendants' conduct as set forth above, Plaintiff was damaged in

17   an amount to be proven at trial.

18

19                    **FIFTH CAUSE OF ACTION**

20   **CONSPIRACY TO VIOLATE THE RACKETEER INFLUENCED**

21      **AND CORRUPT ORGANIZATIONS ACT (RICO)**

22                      **(Against all Defendants)**

23   55. Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as

24   though fully set forth at this place.

25   56. This cause of action is brought by Plaintiff under the Organized Crime Control Act of

26   1970, Racketeer Influenced and Corrupt Organizations (RICO) 18 U.S.C. Section 1961, et. seq.

27   57. Plaintiff is a person within the meaning of 18 U.S.C. Section 1961(3) and 1964(c).

28   58. All Defendants, in their individual capacities and for their individual interests, at various

DAVID A. ST. JOHN
ATTORNEY AT LAW
223 "A" ST.
CHULA VISTA, CA 91910-1131
TEL. 619.466.8000

                                    -12-

1  times unknown to Plaintiff engaged in the formation and continued operation of a conspiracy

2  with each other to obtain monies from Plaintiff and other real property owners.

3    59. Upon information and belief and upon such basis Plaintiff alleges that Defendants,

4  through their authorized agents, and by and through their policies that govern their agents and

5  associates, instituted a program of increasing profits by encouraging malicious, egregious,

6  grossly inequitable, willful and deliberate conduct to induce Plaintiff and other real property

7  owners into unlawfully execute false loan documents, promissory notes and deeds of trust, that

8  Defendants and their agents engaged in unlawful business practices and false and predatory

9  lending practices to induce Plaintiff into executing the aforementioned documents, that

10  Defendants and their agents failed to orally disclose the terms of the transactions and counsel

11  their fiduciaries, that Plaintiff was induced into executing these instruments by

12  misrepresentations, fraud and deceit, and that there were additional violations of statutory and

13  non-statutory authority in the execution and delivery of these instruments and due to such acts

14  and omissions, the instruments are null and void.

15    60. Plaintiff is informed and believes and on such basis alleges that Defendants and each of

16  them conspired together to divest Plaintiff of her property and to be facing destitution,

17  homelessness and penury, all for Defendants' benefit.

18    61. Plaintiff alleges upon information and belief, all of said Defendants shared a common

19  purpose and engaged in prohibited activities under 18 U.S.C. Sections 1341, 1343, 1503, 1510,

20  and 1511.

21    62. Plaintiff alleges upon information and belief that the Defendants further conspired against

22  Plaintiff and other real property owners by engaging in a cover up that involved the use of the

23  telephone and the mail.  The Defendants, in fact, were an enterprise within the meaning of 18

24  U.S.C. Sections 1961(4) and 1962(c).

25    63. Plaintiff alleges upon information and belief, each Defendant was associated with the

26  functioning of the enterprise, the activities of which affected interstate commerce within the

27  meaning of 18 U.S.C. Section 1961(5).

28    64. Plaintiff alleges upon information and belief, each Defendant conducted or participated,

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 7TH ST.
CORALO CA 92118-1131
TEL 619.446.6006

WATTS Complaint

1   directly or indirectly, in the conduct of the enterprise's affairs, and conspired to do so, through a

2   pattern of racketeering activity within the meaning of 18 U.S.C. Section 1951(5), including but

3   not limited to: Mail fraud in violation of 18 U.S.C. Section 1341; Wire fraud in violation of 18

4   U.S.C. Section 1343; and Obstruction of justice in violation of 18 U.S.C. 1503.

5       65. Plaintiff was injured by the acts of all Defendants in the Complaint and by DOE

6   Defendants 1 through 100, in an amount to be determined at the time of trial.

7       66. As a proximate result of Defendants' conspiracy to harm Plaintiff and other real property

8   owners and Defendants' wrongful acts carried out pursuant to their conspiracy, Plaintiff has been

9   damaged in an amount to be proved at the time of trial.

10      67. Plaintiff requests treble damages pursuant to 18 U.S.C. Section 1961, et. seq.

11

12                      **SIXTH CAUSE OF ACTION**

13          **VIOLATIONS OF THE FEDERAL TRUTH-IN-LENDING ACT**

14                  **15 U.S.C. SECTION 1601 et. seq.**

15                      **(Against all Defendants)**

16      68. Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as

17   though fully set forth at this place.

18      69. This action is filed under the Truth in Lending Act, 15 U.S.C. Sections 1601 et. seq.

19   ("TILA") to enforce Plaintiff's right to cancel consumer transactions, to void any security

20   interest in the Subject Property claimed by Defendants, and to recover reasonable attorney's fees

21   and costs by reason of Defendants' violations of TILA and Regulation Z, 12 C.F.R. 226 et. seq.

22   ("Regulation Z").

23      70. At all times hereto, Defendants, in the ordinary course of their businesses regularly

24   extended or offered to extend consumer credit for which a finance charge is or may be imposed

25   or by written agreement which is payable in more than four installments.

26      71. As alleged above, Defendants entered into a consumer credit transaction wherein said

27   Defendants extended to Plaintiff consumer credit in the form of a loan which was subject to a

28   finance charge.

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 N. 7th ST
OXNARD, CA 93030-5131
TEL 805.486.6609

WATTS Complaint

-14-

72. As part of the loan, Defendants obtained a security interest in the Subject Property through a Deed of Trust.

73. The loan was subject to Plaintiff's right to rescission as described by Section 125 of TILA (15 U.S.C. Section 1635(a) and Regulation Z Section 226.23(b).

74. In the course of the transaction for the loan, Defendants violated Regulation Z Section 226.23(c) by failing to properly deliver the early Disclosure Statement required by TILA.

75. In the course of the transaction for the loan, Defendants violated 15 U.S.C. Section 1632 by failing to properly make the required material disclosures of the terms of said loans, including but not limited to, Annual Percentage Rate, Finance Charge, and Total Payments etc. to Plaintiff.

76. On information and belief, Defendants' and unidentified successors took beneficial interest, respectively, in the loan and took subject to all of Plaintiffs' claims and defenses under TILA.

77. Because of the above-mentioned violations, Plaintiff has a continuing right to cancel the loan pursuant to 15 U.S.C. Section 1635(a) and Regulation Z 12 C.F.R. Section 226.23(a) (3).

78. As a result of these violations of TILA and Regulation Z, pursuant to Sections 125(a), 129 and 15 U.S.C. Sections 1635(a), 1640(a), Defendants are liable to Plaintiff in their respective loans for Rescission of the loan; Termination of any security interest in the Subject Property created under the Deed of Trust, and their progeny, including the Notices of Default.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF REAL ESTATE SETTLEMENT

### PROCEDURES ACT (RESPA)

### 12 U.S.C. SECTION 2601 ET. seq.

#### (Against all Defendants)

79. Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as though fully set forth at this place.

80. This action is filed under the Real Estate Settlement Procedures Act of 1974 (RESPA), as amended, 12 United States Code section 2601 et. seq.

-15-

WATTS Complaint

1    81. At all times hereto, Defendants, in the ordinary course of their businesses regularly

2    serviced consumer loans subject to RESPA..

3    82. As alleged above, Defendants allegedly entered into a consumer loan transaction and

4    obtained a security interest in the Subject Property by virtue of the Deed of Trust.

5    83. On information and belief, Defendants and unidentified successors took beneficial

6    interest, respectively, in the loans and took subject to all of Plaintiff's claims and defenses under

7    RESPA.

8    84. In the course of the transaction for the loan, Defendants violated Section 8(a) of RESPA

9    which prohibits both the giving and acceptance of "any fee, kickback, or thing of value pursuant

10   to any agreement or understanding, oral or otherwise, that business incident to or a part of a real

11   estate settlement service...shall be referred to any person" [12 U.S.C. Section 2607(a)],

12   including but not limited to, by unnecessarily driving up settlement costs, by failing to disclose

13   business relationships between service providers, by failing to properly follow notice of transfer

14   provisions, by failing to properly inform Plaintiff about all closing costs.

15   85. As a proximate result of Defendants' violations of RESPA, Plaintiff was injured in an

16   amount to be determined at time of trial.

17   86. Plaintiff requests treble damages pursuant to RESPA.

18

19                          **EIGHTH CAUSE OF ACTION**

20                **FOR CANCELLATION BASED ON FRAUD AND**

21                    **IMPOSSIBILITY OF PERFORMANCE**

22                          **(Against all Defendants)**

23   87. Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as

24   though fully set forth at this place.

25   88. Because Plaintiff lacked ability to perform the loan as alleged herein and Defendants

26   fabricated and submitted falsified loan application documents, and Defendants did not intend to

27   enter into a viable loan transaction with Plaintiff, any loan contracts or Promissory Notes entered

28   into are null and void from their inception based on impossibility of performance, a material and

DAVID A. ST. JOHN
ATTORNEY AT LAW
225 S. 17th ST
OCEANSIDE CA 92054-3131
TEL 805.444.4600

WATTS Complaint                                    -16-

1  substantial circumstance Defendants in fact created at time of contract.

2  89. Because the loan contracts and Promissory Notes are null and void, Plaintiff seeks to

3  cancel the subject Deed of Trusts.

5                                    **NINTH CAUSE OF ACTION**

6                                    **QUIET TITLE**

7                                    **(Against all Defendants)**

8  90. Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as

9  though fully set forth at this place.

10  91. The foreclosure of the Subject Property is wrongful and should be voided by virtue of

11  Defendants' fraudulent conduct alleged in this complaint, and by reason of the defective Deeds

12  of Trust and the cancellation of the Notes and Deeds of Trust as alleged and prayed for in this

13  complaint, and on all the facts alleged in this complaint and incorporated herein.

14  92. Plaintiff seeks to quiet title in the Subject Property as to each Defendant, and that each

15  such Defendant has no right, title, estate, lien, or interest in the Subject Property or any part of it,

16  adverse to Plaintiffs, or at all.

18                                    **TENTH CAUSE OF ACTION**

19                                    **TENTH CAUSE OF ACTION – SLANDER OF TITLE**

20                                    **(Against all Defendants)**

21  93. Plaintiffs reallege and incorporate by reference the allegations in all paragraphs above as

22  though fully set forth at this place.

23  94. The tort of Slander of Title involves the action of one who, without a privilege or

24  without justification to do so, publishes matter which is untrue and disparaging to another's

25  property in land.

26  95. RECONTRUST, purportedly acting as the agent of the current but unascertained

27  beneficiary of the Deed of Trust identified merely as a MERS for the loan wrongfully and

28  without privilege, caused a Notice of Default to be recorded against the Property.

DAVID A. ST. JOHN
ATTORNEY AT LAW
2295 V. ST.
CHULA VISTA, CA 91911-6121
TEL 800.446.6000

-17-

WATTS Complaint

96. None of the Defendants, whether jointly or severally, are a beneficiary or assignee of any beneficiary of any Deed of Trust recorded against the Property.

97. Pursuant to, among others, California Civil Code section 2924(c) only the beneficiary of a Deed of Trust or a beneficiary's assignee or the agent of a beneficiary or its assignee may cause to be recorded against real property either a Notice of Default or a Notice of Trustee's Sale.

98. By doing the acts described, above, Defendants slandered Plaintiffs' title to the Subject Property.

99. In that the conduct and acts of Defendants violated, among others, California Civil Code section 2924(c) such conduct and acts were not privileged.

100.        The conduct of Defendants caused Plaintiffs to suffer damages in an amount to be proven at trial.

101.        Because Plaintiffs' damages were the result of the unprotected and unlawful conduct and acts of Defendants, Plaintiffs are entitled to recover damages in an amount to be proven at trial against Defendants, and each of them.

**WHEREFORE,** Plaintiffs prays for judgment against Defendants, as follows:

**ON THE FIRST CAUSE OF ACTION FOR INJUNCTIVE RELIEF:**

1. That the Court issue a temporary restraining order, preliminary injunction, and permanent injunction restraining Defendants, and their agents, attorneys, successors, and representatives, and all persons acting in concert or participating with them, from selling, attempting to sell, or causing to be sold the Subject Property either under the power of sale in the Deeds of Trust or by foreclosure action.

**ON THE SECOND CAUSE OF ACTION FOR FRAUD:**

1. For damages according to proof;

2. For exemplary and punitive damages, according to proof;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

**ON THE THIRD CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS:**

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. T ST
CHULA VISTA, CA 91910-1131
TEL 619.446.9600

-18-

WATTS Complaint

1. For damages according to proof;

2. For general damages;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

**ON THE FOURTH CAUSE OF ACTION FOR NEGLIGENCE:**

1. For damages according to proof;

2. For general damages;

3. For interest at the legal rate according to proof;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

**ON THE FIFTH CAUSE OF ACTION CONSPIRACY TO VIOLATE THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO):**

1. For damages according to proof;

2. Plaintiffs request treble damages pursuant to 18 U.S.C. Section 1961, et. seq.

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

**ON THE SIXTH CAUSE OF ACTION FOR VIOLATION OF THE TILA:**

1. Rescission of the loan;

2. An order directing Defendants to take all actions necessary to terminate any security interest in the Subject Property created under the loan, and that the Court declare the security interest void, and for an order directing Defendants to take all actions necessary to cancel and rescind the Notice of Default flowing from said void security interest;

3. Any statutory or actual damages available under TILA;

4. Reasonable attorney's fees and costs as provided under 15 U.S.C. Section 1640(a).

**ON THE SEVENTH CAUSE OF ACTION UNDER RESPA:**

1. For damages according to proof;

2. Plaintiffs request treble damages pursuant to 12 U.S.C. 2607(d)(2);

3. For any statutory damages available under RESPA;

DAVID A. ST. JOHN
ATTORNEY AT LAW
325 E. 7TH ST.
OXNARD, CA 93035-7131
TEL 805.485.8000

WATTS Complaint

-19-

1    4.  For attorney's fees under RESPA;

2    5.  For costs of suit incurred herein; and

3    6.  For such other and further relief as the Court deems just and proper.

4    **ON THE EIGHTH CAUSE OF ACTION FOR CANCELLATION BASED ON**

5    **IMPOSSIBILITY:**

6    1.  That this Court enter an order and judgment declaring that the loan, including the Note and

7    Deed of Trust are void; and

8    2.  For such other and further relief as the Court deems just and proper.

9    **ON THE NINTH CAUSE OF ACTION FOR QUIET TITLE:**

10   1.  That any deeds of trust or other instruments by which Defendants claim any interest in

11   the Subject Property be voided;

12   2.  That Plaintiff have quiet title in the Subject Property as to each Defendant, and that each

13   such Defendant has no right, title, estate, lien, or interest in the Subject Property or any part of it,

14   adverse to Plaintiff, or at all; and

15   3.  For such other and further relief as the Court deems just and proper.

16   **ON THE TENTH CAUSE OF ACTION FOR SLANDER OF TITLE:**

17   1.  For special damages according to proof;

18   2.  For general damages according to proof;

19   3.  For such other and further relief as the Court deems just and proper.

20   Dated: October 8, 2008                     LAW OFFICES OF DAVID A. ST. JOHN

21

22

23                                          By: _____

24                                              DAVID A. ST. JOHN
                                                Attorney for Plaintiff
25                                              EVA L. WATTS

26

27

28

DAVID A. ST. JOHN
ATTORNEY AT LAW
225 W. 9TH ST.
CHULA VISTA CA 92010-7111
TEL 619.498.4000

WATTS Complaint                        -20-

1   ## REQUEST FOR TRIAL BY JURY

2   Plaintiffs requests that the trial in this case be by jury

3   Dated: October 8, 2008

4                                   LAW OFFICES OF DAVID A. ST. JOHN

5

6

7                   By: _____

8                       DAVID A. ST. JOHN
                        Attorney for Plaintiff
9                       EVA L. WATTS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WATTS Complaint                          -21-

**EXHIBIT B**

1  JOHN D. DUNCAN (SBN 179560)
   PETER J. SALMON (SBN 174386)
2  THOMAS N. ABBOTT (SBN 245568)
   PITE DUNCAN, LLP
3  4375 JUTLAND DRIVE, SUITE 200
   P.O. BOX 17935
4  SAN DIEGO, CA 92177-0935
   TELEPHONE: (858) 750-7600
5  FACSIMILE: (619) 590-1385
   E-Mail: tabbott@piteduncan.com
6
   Attorneys for Defendants SAXON MORTGAGE SERVICES, INC. AND MORTGAGE
7  ELECTRONIC REGISTRATION SYSTEMS, INC.

8                    **SUPERIOR COURT OF CALIFORNIA**

9           **COUNTY OF SAN DIEGO - SOUTH COUNTY DIVISION**

| | |
|---|---|
| 10  EVA L. WATTS, | Case No. 37-2008-00073685-CU-BT-SC |
| 11        Plaintiff, | **NOTICE OF REMOVAL** |
| 12        v. | **REMOVED TO THE UNITED STATES DISTRICT COURT FOR THE** |
| 13  DECISION ONE MORTGAGE COMPANY, LLC; COUNTRYWIDE HOME LOANS; | **SOUTHERN DISTRICT OF CALIFORNIA** |
| 14  SAXON MORTGAGE SERVICING INC.; MORTGAGE ELECTRONIC | Judge: Hon. William S. Cannon |
| 15  REGISTRATION SYSTEMS, INC.; and DOES 1-100, Inclusive, | Dept.: S-04 |
| 16        Defendants. | Complaint Filed:        October 9, 2008 |
| 17 | |

18  TO:        THE CLERK OF THE SUPERIOR COURT OF CALIFORNIA, IN AND FOR THE

19  COUNTY OF SAN DIEGO.

20  AND TO:        PLAINTIFF EVA L. WATTS AND HER ATTORNEY OF RECORD.

21  /././

22  /././

23  /././

24  /././

25  /././

26  /././

27  /././

28  /././

-1-
NOTICE OF REMOVAL

1751660.wpd

1    PLEASE TAKE NOTICE that on January 23, 2009, Defendants SAXON MORTGAGE

2  SERVICES, INC., and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. filed in

3  the United States District Court for the Southern District of California a Notice of Removal to

4  remove the above-entitled action to said Court pursuant to 28 U.S.C. §§ 1331, 1441(b) and 1446.

5  A true and correct copy of the Notice of Removal is attached hereto as Exhibit A.

6

   Dated:  January 23, 2009                    PITE DUNCAN, LLP

7

8                                              _Thomas Abbott_

9                                              _____
                                               THOMAS N. ABBOTT

10                                             Attorneys for Defendants SAXON MORTGAGE
                                               SERVICES, INC. AND MORTGAGE

11                                             ELECTRONIC REGISTRATION SYSTEMS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**&JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| EVA L. WATTS | DECISION ONE MORTGAGE COMPANY, LLC, ET AL. |

FILED

**(b)** County of Residence of First Listed Plaintiff   Couny of San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

09 JAN 23 PM 3: 07

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David A. St. John 235 W. Seventh St., Oxnard, CA 93030-7131

Attorneys (If Known)
Pite Duncan, LLP 4375 Jutland Dr. Ste. 200, San Diego, CA

'09 CV 0139 LAB NLS

DEPUTY

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff |
|---|---|---|

(For Diversity Cases Only)                           and One Box for Defendant)

| | | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| | | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. 1961, 15 USC 1601, 12 USC 2601
Brief description of cause:
Injunctive Relief, Fraud, Negligent Infliction of Emotional Distress, Negligence, RICO, TILA, RESPA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23       DEMAND $       CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE                     DOCKET NUMBER

DATE
01/23/2009

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 159318   AMOUNT $350   APPLYING IFP       JUDGE       MAG. JUDGE

1/23/09

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 159318   — TC**

**January 23. 2009
15:40:23**

**Civ Fil Non-Pris**
USAO #.: 09CV0139
Judge..: LARRY A BURNS
Amount.:                    $350.00 CK
Check#.: 30857

**Total—> $350.00**

FROM: WATTS VS DECISION ONE